```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
--------------------------------------------------------X     DATE FILED:  2/19/16
CHRISTOPHER CAVOUNIS,                         :
                                              :              14-CV-4992 (VEC)
                                  Petitioner, :              11-CR-297 (VEC)
                                              :
                  -against-                   :
                                              :              MEMORANDUM
UNITED STATES OF AMERICA,                     :              OPINION & ORDER
                                              :
                                  Respondent. :
--------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Christopher Cavounis moves *pro se* pursuant to Federal Rule of Civil Procedure 59(e) to alter the Court's July 24, 2015 Order denying his petition for relief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "Motion"). Upon careful review of Petitioner's arguments and the record, the Court finds that Petitioner's arguments are procedurally barred and lack merit. Accordingly, Petitioner's Motion is DENIED.

## BACKGROUND

On December 22, 2011, Petitioner signed a plea agreement that included an appeal waiver ("Plea Agreement") and pled guilty to charges of conspiracy to commit bank fraud, bank fraud, and bribery. On June 14, 2012, Petitioner was sentenced to ninety-seven months of imprisonment, two years of supervised release, the forfeiture of approximately $7.9 million, restitution of $8.2 million, and a $700 mandatory special assessment. On July 6, 2012, Petitioner filed a notice of appeal, challenging the validity of the appeal waiver contained in the Plea Agreement. On March 27, 2013, the Second Circuit granted the Government's motion to dismiss the appeal. The Supreme Court denied the Petitioner's petition for writ of certiorari.

On June 24, 2014, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "Petition") (Dkt. 1). Petitioner argued that he had not knowingly and voluntarily agreed to the appellate waiver in the Plea Agreement, that the District Court had violated Federal Rule of Criminal Procedure 32(i)(1)(A) during his sentencing, and that he had received ineffective assistance of counsel. On July 24, 2015, the Court denied Petitioner's motion, holding that his claims were barred by the waiver provision in the Plea Agreement and lacked merit (the "Order") (Dkt. 10).

## DISCUSSION

### I.   Legal Standard

Petitioner asks the Court to reconsider its July 24, 2015 Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules. "The standards governing a motion for reconsideration under Local Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e)." *Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002) (citation omitted). A petitioner may bring a motion under Federal Rule of Civil Procedure 59(e) to amend or correct an order denying relief under 28 U.S.C. § 2255. *See* Fed. R. Civ. P. 59(e); *Beras v. United States*, No. 05-CIV-2678 (SAS) 2013 WL 2420748, at *1 (S.D.N.Y. June 4, 2013). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Boyd v. United States*, No. 12-CV-474 (JSR) 2015 WL 1345809, at *2 (S.D.N.Y. Mar. 20, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). This strict standard is not to be taken lightly; "Rule 59(e) is 'an extraordinary remedy to be employed sparingly in the interests

of finality and conservation of scarce judicial resources.'" *Wallace Wood Properties v. Wood*, No. 14-CV-8597 (LTS) 2015 WL 7779282, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

## II. Petitioner's Arguments Are Procedurally Barred[1]

"A motion to reconsider . . . is an improper means to raise new grounds for habeas relief that could have been presented in the earlier habeas proceeding." *Negron v. United States*, 394 F. App'x 788, 793 (2d Cir. 2010) (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). A Rule 59(e) motion "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . . ." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003); *see also Seinfeld v. Worldcom, Inc.*, No. 06-CV-13274 (DLC) 2007 WL 1573870, at *1 (S.D.N.Y. May 31, 2007) ("A motion for reconsideration may not treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." (internal quotation omitted)); *Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

Petitioner's Motion for Reconsideration is procedurally barred because it impermissibly advances "new . . . arguments not previously presented to the Court." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97-CV-690 (MBM) 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000)). First, Petitioner argues that the Court, in ruling on his Petition, failed to consider *Parisi v. United*

---

[1] The Court cites to the original Petition filed on June 24, 2014 (Dkt. 1) as "Pet." and to Petitioner's Motion for Reconsideration (Dkt. 13) as "Recons."

*States*, 529 F.3d 134 (2d Cir. 2008), and that, under *Parisi*, an ineffective assistance of counsel claim survives an appellate waiver where the ineffective assistance of counsel claim connects the allegedly ineffective advice to the voluntariness of the plea. Recons. 3. Petitioner argues that his ineffective assistance of counsel claim should survive the waiver because counsel did not advise him to contest the loss amount provided in the Plea Agreement, and, if counsel had given such advice, Petitioner would have presented evidence demonstrating that the loss amount was less than what his Plea Agreement stipulated. *Id.* at 3-7. In his Petition, Petitioner neither cited *Parisi* nor argued that his counsel should have advised him to contest the loss amount. *See* Pet. 10-16. Instead, Petitioner only argued in his Petition that his counsel failed to discuss with him the contents of the Presentence Investigation Report ("PSR") and to object to the loss amount in the PSR. *Id.*

Second, Petitioner asserts that the Court did not consider an October 2014 Department of Justice memorandum directing federal prosecutors not to enforce an appeal waiver when: (1) defense counsel provided ineffective assistance resulting in prejudice, or (2) a defendant's ineffective assistance claim raises serious debatable issues that a court should resolve. Recons. 8. Petitioner asserts that, in light of the Department's policy memorandum, Circuit Courts have vacated judgments that denied 28 U.S.C. § 2255 petitions because of appeal waivers. *Id.* Nowhere, however, did Petitioner argue in his original Petition that the Court should consider the October 2014 Department of Justice memorandum in deciding his Petition. *See* Pet. 3-17.

Finally, Petitioner argues that during sentencing the Court abdicated its judicial duty to inquire into the purported conflict of interest between Petitioner and his counsel, which, according to Petitioner, is a basis to void Petitioner's appeal waiver under *United States v. Riggi*,

4

649 F.3d. 143, 147 (2d Cir. 2011). Recons. 9-15. Petitioner did not previously argue that the Court had failed to inquire into a potential conflict of interest during sentencing or that such a conflict would be a basis to void his appeal waiver. Pet. 3-17. In contrast, with respect to the Court's actions, Petitioner only argued that the Court violated Federal Rule of Criminal Procedure 32(i)(1)(A) by not independently verifying that Petitioner had personally reviewed the PSR and that the Court should have *sua sponte* recalculated the loss amount set forth in the PSR. *Id.* at 2-9.

In sum, Petitioner's arguments are procedurally barred.

### III. Even if Not Procedurally Barred, Petitioner's Claims on Reconsideration Are Without Merit

#### A. Petitioner's Counsel Were Not Ineffective

Petitioner, relying on *Parisi v. United States*, 529 F.3d at 138, contends that his ineffective assistance of counsel claim survives the appeal waiver in his plea agreement because his ineffective assistance of counsel claim concerns advice from counsel regarding the plea. Recons. 2-3.

Petitioner's claim is that his attorney was ineffective in advising him to accept the plea agreement because the stipulated loss amount was higher than the actual loss amount. *Id.* at 3. Petitioner asserts that his attorney should have conducted a reasonable investigation to determine the actual loss amount and should have advised him to continue negotiating until the Government reflected the lower loss amount in the Plea Agreement. *Id.* at 4, 6. Petitioner claims that he accepted the plea agreement on the basis of his attorney's representation that the stipulated loss amounts were correct and on his attorney's advice to accept the plea. *Id.* at 7. Finally, Petitioner maintains that if his attorney had properly advised him regarding the loss amount, Petitioner would have either persuaded the Government to stipulate to the lower loss

5

amount or would have asked for a *Fatico* hearing in which he would have proven the lower loss amount. *Id*. Ultimately, Petitioner argues, there was a reasonable probability that the Court would have imposed a sentence at the low end of the guidelines range—seventy-eight months instead of the ninety-seven he received. *Id.*

*Parisi* held that to raise an ineffective assistance of counsel claim in the face of an appeal waiver a petitioner must show that the plea agreement was not knowing and voluntary because of the advice received from counsel. 529 F.3d at 138 (citations omitted). "[C]hallenging the attorney's advice about th[e] bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct" can overcome an appeal waiver. *Id.* at 139. In contrast, "a purported failure to enhance the defendant's case," such as "the attorney's role in shaping the defendant's bargaining position" is not sufficient by itself to overcome an appellate waiver. *Id.* at 138-39.

While *Parisi* establishes a narrow window through which a habeas petitioner can overcome an appeal waiver in order to press an ineffective assistance of counsel claim, *Parisi* also recognizes that any such claim must adhere to the strict requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). *See id.* at 140 (citations omitted). To successfully raise an ineffective assistance of counsel claim, a defendant must "'(1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms;' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation.'" *Id.* at 140 (quoting *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005)). "This test 'is rigorous,' and the great majority of habeas petitions that allege constitutionally ineffective [assistance of] counsel founder on it." *Id.* at 140-41 (quoting *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007)).

This Court already denied the merits of Petitioner's ineffective assistance of counsel claim, insofar as his counsel allegedly failed to show Petitioner the PSR and to object to the loss amount used in calculating his sentencing guidelines range. Order at 3-4, 13-14. The Court found that counsel's failure to object to the loss amount in the PSR was not unreasonable because Petitioner stipulated to that loss when he signed the Plea Agreement. *Id.* at 14. Furthermore, this Court found that even if counsel's failure to object to the loss amount in the PSR was unreasonable, the Petitioner could not establish prejudice from that failure. *Id.* The *Parisi* decision cited by Petitioner and his related arguments do not alter the conclusion already reached by the Court because counsel's purported failure to enhance Petitioner's bargaining position vis-à-vis the loss amount was not unreasonable and did not prejudice the Petitioner.

Counsel's failure to advise Petitioner to continue negotiating with the Government about the loss amount was not unreasonable. *See Ma v. United States*, No. 97 CR489 (JSM) 2000 WL 375241, at *1 (S.D.N.Y. Apr. 12, 2000) (concluding that "Petitioner . . . failed to demonstrate how he was prejudiced by counsel's failure to provide him with information concerning the loss calculation" where Petitioner "acknowledged reading the presentence report" and "the loss calculation that petitioner stipulated to . . . was the result of negotiation between the Government and [petitioner's] counsel."). Petitioner allocated that he reviewed the Plea Agreement with his attorney and understood that the Plea Agreement contained a stipulated guideline range of ninety-seven to 121 months. Order at 6. The Petitioner reviewed the Plea Agreement which included a loss calculation of $8.2 million and did not contest the amount. Order at 6. Reviewing counsel's performance deferentially, Petitioner cannot establish that counsel's failure to object to the loss amount was unreasonable. *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). Because Petitioner knowingly

and voluntarily stipulated to the loss amount by signing the Plea Agreement, counsel had no reason to press for further negotiation with the Government.

In addition, Petitioner has not shown that the alleged errors resulted in prejudice. To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioner has not demonstrated a reasonable probability that but for his counsel's failure to negotiate further with the Government, the district court would have sentenced Petitioner differently. *See Matos v. United States*, 907 F. Supp. 2d 378, 384 (S.D.N.Y. 2012) ("[T]he assertion of weak negotiation skills cannot sustain an ineffective assistance claim." (citation omitted)). Even if counsel had attempted to continue negotiations with the Government concerning the loss amount, it is uncertain whether the Government would have agreed to a lesser amount, especially in the absence of any contradictory evidence. *See Johnson v. United States*, No. 10-CR-973 (SAS) 2015 WL 7169589, at *6 (S.D.N.Y. Nov. 12, 2015) (concluding that an attorney was not ineffective "because he failed to object to the government's loss calculation found in the PSR" where the government provided a clear loss calculation and where the Petitioner did not provide "a specific factual or legal basis for challenging this calculation."). It is even more uncertain whether Petitioner would have succeeded in proving the lower loss amount in a *Fatico* hearing, let alone that the district court would have sentenced Petitioner to the low end of the new guidelines range instead of the ninety-seven months he received, given that ninety-seven months was the low end of the guidelines under which he was sentenced *and* the high end of the guidelines range corresponding to the lower loss amount that Petitioner now asserts is correct.

Moreover, despite Petitioner's claim that he would have proven to the Court that the actual loss was less than the amount stipulated, Petitioner does not present any evidence of the lower amount.  *See United States v. Glum*, 272 F. App'x 124, 126-27 (2d Cir. 2008) (holding that the district court did not err "in accepting the stipulated loss amount" where the defendant's stipulation was knowing and voluntary, and "the record as a whole contained more than enough evidence . . . to conclude that the stipulated amount reflected the actual fraud loss amount" (citation omitted)).  Petitioner erroneously relies on the PSR's restitution provision as evidence of the lower loss amount.  *See* Recons. 6.  The PSR provision on which Petitioner relies specifies an amount for restitution that equals the lower loss amount pressed by Petitioner, but it explicitly provides that amount is only a fraction of the total restitution due, stating "[w]e are awaiting the bank addresses and loss amounts of the remaining victims from the Government," *see id.*, Ex. 1 ¶¶ 113-14.

In short, even if this argument were not waived, Petitioner's ineffective assistance of counsel claim is meritless.

### B.  The Department of Justice Memorandum Is Not Binding on the Court

Petitioner contends that this Court failed to consider an October 14, 2014 Department of Justice memorandum instructing prosecutors not to enforce a waiver when (1) defense counsel rendered ineffective assistance resulting in prejudice or (2) an ineffective assistance claim raises a serious debatable issue that a court should resolve.[2]  Recons. 8-9.  Petitioner's reliance on the Justice Department's memorandum is misplaced because the Justice Department's policy

---

[2] The October 14, 2014 memorandum specifically addresses the Department's commitment to supporting effective defense of indigent defendants. *See* Mem. from James M. Cole, Deputy Attorney Gen., Dep't of Justice (Oct. 14, 2014), http://www.justice.gov/sites/default/files/press-releases/attachments/2014/10/15/dept-policy-on-waivers-of-claims-of-ineffective-assistance-of-counsel.pdf.  Here, the Petitioner privately retained five different attorneys to aid in his defense at trial. *United States v. Cavounis*, 11-CR-297-1 (VEC) (S.D.N.Y. filed Nov. 27, 2010).  Thus, Petitioner is not the type of defendant whom the Department was primarily aiming to benefit with this policy.

statement is not controlling law and does not bind this Court.  *See United States v. Reed*, 576 F. App'x 60, 61-62 (2d Cir. 2014) (holding that Department of Justice "policy statements and guidance [do] not legally bind prosecutors or . . . the courts" (citing *United States v. Canori*, 737 F.3d 181, 183–84 (2d Cir. 2013)).  Moreover, the Justice Department's memorandum instructs prosecutors not to enforce waivers in only two specific circumstances, neither of which is present in Petitioner's case.  As discussed above, the alleged ineffective assistance of counsel neither resulted in prejudice nor raises a serious debatable issue.  Thus, the Department of Justice memorandum could not have reasonably altered the Court's earlier decision not to vacate or correct Petitioner's sentence.

> **C.     The Court Did Not Abdicate Its Duty To Inquire into a Possible Conflict of Interest Between Petitioner and Counsel**

Finally, Petitioner argues that because the sentencing court abdicated its judicial duty by failing to inquire into an alleged conflict of interest between Petitioner and his counsel, the appeal waiver should be voided.  Recons. 9.  Petitioner states the alleged conflict of interest arose at the sentencing hearing when Petitioner's counsel advised the district court that Petitioner had reviewed the PSR.  *Id.* at 10.  Petitioner asserts that he could not have reviewed the PSR prior to the sentencing hearing because he heard for the first time during the sentencing hearing that the PSR alleged violent behavior.  *Id.*  Petitioner told the district court during the hearing that it was the first time that he had heard the violence allegations.  *Id.*  According to Petitioner, the district court should have known "that Petitioner's statements had placed the veracity of counsel's prior representations to the Court in question, creating an actual conflict of interest." *Id.*  Petitioner reasons that defense counsel could not concede that Petitioner did not know about the allegations of violence because "[it] would require counsel admitting serious ethical

violations and possibly subject him to sancations [sic] for having previously misrepresented to the Court that [counsel] . . . had reviewed the [PSR] . . . with Petitioner." *Id.* at 11.

Petitioner relies on *United States v. Riggi* in support of his position that the district court's purported abdication of its judicial duty to inquire into a possible conflict of interest between Petitioner and defense counsel voids the appeal waiver. *Id.* at 9. Petitioner quotes *Riggi,* stating "the Second Circuit explained that it has 'voided waivers where a sentencing court abdicat[ed] [its] judicial duty.'" *Id.* (quoting 649 F.3d at 147). This quote misconstrues *Riggi*. *Riggi* states that "we have voided waivers where a sentencing court 'failed to enunciate any rationale for the defendant's sentence,' and thus 'abdicat[ed] [its] judicial responsibility.'" *Riggi*, 649 F.3d at 147 (quoting *United States v. Woltmann*, 610 F.3d 37, 40 (2d Cir. 2010)). Here, the district court did not fail to "enunciate any rationale for the defendant's sentence." *Id.* Moreover, this Court has previously concluded that, based on defense counsel's response to the Court's questions at the plea hearing, it was reasonable to infer that Petitioner had reviewed and discussed the PSR with his counsel. Order at 11. Therefore, this argument is without merit and does not alter the Court's original conclusion.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully directed to mail a copy of this opinion to Plaintiff, to note service on the docket, to close docket entry thirteen, and to terminate the case.

**SO ORDERED.**

**Date:  February 19, 2016**             **VALERIE CAPRONI**
**New York, NY**                          **United States District Judge**